**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SOFTVIEW LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-389-LPS |
| | ) | |
| APPLE INC.; AT&T MOBILITY LLC; | ) | |
| DELL INC.; HTC CORP.; HTC | ) | |
| AMERICA, INC.; EXEDEA, INC.; | ) | **DEMAND FOR JURY TRIAL** |
| HUAWEI TECHNOLOGIES CO., LTD.; | ) | |
| FUTUREWEI TECHNOLOGIES, INC.; | ) | |
| KYOCERA CORP.; KYOCERA | ) | |
| WIRELESS CORP.; LG ELECTRONICS, | ) | |
| INC.; LG ELECTRONICS USA, INC.; LG | ) | |
| ELECTRONICS MOBILECOMM U.S.A., | ) | |
| INC.; MOTOROLA MOBILITY INC.; | ) | |
| SAMSUNG ELECTRONICS CO., LTD.; | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC.; SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA, | ) | |
| LLC; and  SONY ERICSSON MOBILE | ) | |
| COMMUNICATIONS (USA) INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF SOFTVIEW LLC'S FOURTH AMENDED COMPLAINT**
**FOR PATENT INFRINGEMENT**

Plaintiff SoftView LLC ("SoftView"), by and through its undersigned counsel, for its

Fourth Amended Complaint against Apple Inc.; AT&T Mobility LLC; Dell Inc.; HTC

Corp.; HTC America, Inc.; Exedea, Inc.; Huawei Technologies Co., Ltd.; Futurewei

Technologies, Inc.; Kyocera Corp.; Kyocera Wireless Corp.; LG Electronics, Inc.; LG

Electronics USA, Inc.; LG Electronics MobileComm U.S.A., Inc.; Motorola Mobility Inc.;

Samsung  Electronics  Co.,  Ltd.;  Samsung  Electronics  America,  Inc.;  Samsung

Telecommunications America, LLC; and Sony Ericsson Mobile Communications (USA) Inc. (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq*., including 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

## THE PARTIES

2.     SoftView is a Washington limited liability company with its principal place of business at 112 Ohio St. Suite 202, Bellingham, Washington 98225.

## APPLE

3.     SoftView is informed and believes that Apple Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

4.     Apple makes, uses, imports, offers to sell, and sells devices including but not limited to devices sold under the tradenames iPad, iPhone and iPod Touch, which themselves include, without limitation, the Safari web browser (collectively, the "Apple Accused Products").

## AT&T

5.     SoftView is informed and believes that AT&T Mobility LLC ("AT&T") is a Delaware limited liability company with its principal place of business at 208 S. Akard St., Dallas, Texas 75202.  AT&T is a wholly-owned subsidiary of AT&T Inc., a Delaware corporation with its principal place of business at 208 S. Akard St., Dallas, Texas 75202.  Its

registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6.      AT&T makes, uses, imports, offers to sell, and sells devices including but not limited to the accused devices.

### DELL

7.      SoftView is informed and believes that Dell Inc. ("Dell") is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas 78682. Dell's agent for service of process is the Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.      Dell makes, uses, imports, offers to sell, and sells devices having the Android Operating System and Web browser, including but not limited to devices sold under the tradenames Streak and Venue (collectively, the "Dell Accused Products").

### HTC

9.      SoftView is informed and believes that HTC Corp. a/k/a High Tech Computer Corp. ("HTC Corp.") is a Taiwanese corporation with its principal place of business located at No. 23, Xinghua Rd., Taoyuan City, Taoyuan county 330, Taiwan, Republic of China.

10.      SoftView is informed and believes that HTC America, Inc. ("HTC America") is a wholly-owned subsidiary of Defendant HTC Corp. and is incorporated under the laws of the State of Washington, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.  HTC America's registered agent for service of process is the National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston, Texas 77062.

11.     SoftView is informed and believes that Exedea, Inc. ("Exedea") is a wholly-owned subsidiary of HTC Corp. and is incorporated under the laws of the State of Texas, with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036. Exedea's registered agent for service of process is HTC USA Inc., 5950 Corporate Drive, Houston, Texas 77036-2306.   Defendants HTC Corp., HTC America and Exedea are collectively referred to herein as "HTC."

12.     HTC makes, uses, imports, offers to sell, and sells devices having the Android Operating System and Web browser, including but not limited to devices sold under the tradenames Amaze, Aria, Desire, Dream, Droid Incredible, Eris, EVO, G1, G2, Hero, Incredible, Inspire, Legend, Magic, Merge, MyTouch, Nexus, Rezound, Rhyme, Sensation, Status, Shift, Tattoo, Thunderbolt, Vivid and Wildfire (collectively, the "HTC Accused Products").

## HUAWEI

13.     SoftView is informed and believes that Huawei Technologies Co., Ltd. ("Huawei China") is a Chinese company, with its principal place of business at Bantian, Longgang District, Shenzhen 518129, People's Republic of China.

14.     SoftView is informed and believes that Futurewei Technologies, Inc. ("Futurewei") is a wholly owned subsidiary of Huawei China and is incorporated under the laws of the State of Texas, with its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024.  Futurewei's registered agent for service of process is CT Corporation System, 350 N. Saint Paul St. Suite 2900, Dallas, Texas 75201.  Defendants Huawei China and Futurewei are collectively referred to herein as "Huawei."

15.     Huawei makes, uses, imports, offers to sell, and sells devices having the Android Operating System and Web browser, including but not limited to devices sold

under the tradenames Ascend, Boulder, Comet, Honor, IDEOS, M Series, MediaPad, Sonic, U Series and Vision (collectively, the "Huawei Accused Products").

## KYOCERA

16.    SoftView is informed and believes that Kyocera Corp. ("Kyocera Corp.") is a Japanese Corporation with its principal place of business at 6 Takeda Tobadono-Cho, Fushimi-Ku, Kyoto 612-8501, Japan.

17.    SoftView is informed and believes that Kyocera Wireless Corp. ("Kyocera Wireless") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 10300 Campus Point Drive, San Diego, California 92121.  Kyocera Wireless's registered agent for service of process is Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.  Defendants Kyocera Corp. and Kyocera Wireless are collectively referred to herein as "Kyocera."

18.    Kyocera makes, uses, imports, offers to sell, and sells devices having the Android Operating System and Web browser, including but not limited to devices sold under the tradenames Echo, Milano and Zio (collectively, the "Kyocera Accused Products").

## LG

19.    SoftView is informed and believes that LG Electronics, Inc. ("LG Electronics") is a Korean corporation with a principal place of business at LG Twin Towers 20, Yeouido-dong, Yeongdeunspo-gu, Seoul 150-721, South Korea.

20.    SoftView is informed and believes that LG Electronics USA, Inc. ("LG Mobile") is a wholly owned subsidiary of LG Electronics, Inc. and is Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  LG Mobile's registered agent for service of process is United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

21.     SoftView is informed and believes that LG Electronics MobileComm U.S.A., Inc. ("LG MobileComm") is a wholly owned subsidiary of LG Electronics. LG MobileComm is a California corporation with its principal place of business at 920 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  LG MobileComm's registered agent for service of process in California is Alan K. Tse, 10101 Old Grove Road, San Diego, California 92131.  LG Mobilecomm's registered agent for service of process is National Registered Agents, Inc. of New Jersey, 100 Canal Pointe Blvd., Suite 212, Princeton, New Jersey 08540. Defendants LG Electronics, LG Mobile, and LG Mobilecomm are collectively referred to herein as "LG."

22.     LG makes, uses, imports, offers to sell, and sells devices having the Android Operating System and Web browser, including but not limited to devices sold under the tradenames Ally, Andro, Apex, Axis, DoublePlay, Enlighten, Esteem, Eve, G2x, G-Slate, Genesis, GW620, Marquee, MyTouch, Nitro, Optimus, P999, Revolution, Thrill, Thrive and Vortex (collectively, the "LG Accused Products").

## MOTOROLA

23.     SoftView is informed and believes that Motorola Mobility Inc. ("Motorola") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

24.     Motorola makes, uses, imports, offers to sell, and sells devices having the Android Operating System and Web browser, including but not limited to devices sold under the tradenames i1, Admiral, Atrix, Backflip, Bionic, Bravo, Charm, Citrus, CLIQ, Defy, Devour, Droid, Electrify, FlipOut, FlipSide, Milestone, Photon, Razr, Titanium, Triumph, Xoom, XPRT, and XYBoard (collectively, the "Motorola Accused Products").

## SAMSUNG

25.     SoftView is informed and believes that Samsung Electronics Co., Ltd. ("Samsung Electronics") is a corporation organized under the laws of the Republic of Korea and has its principal place of business at 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Republic of Korea.

26.     SoftView is informed and believes that Samsung Electronics America, Inc. ("Samsung America") is a New York corporation and has its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.   Samsung America is doing business in this judicial district and its registered agent for service of process is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

27.     SoftView is informed and believes that Samsung Telecommunications America, LLC ("Samsung Telecom") is a company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1301 E. Lookout Dr., Richardson, Texas 75082.   Defendants Samsung Electronics, Samsung America and Samsung Telecom are collectively referred to herein as "Samsung."

28.     Samsung makes, uses, imports, offers to sell, and sells devices having the Android Operating System and Web browser, including but not limited to devices sold under the tradenames Acclaim, Admire, Captivate, Charge, Conquer, Continuum, Dart, Epic, Exhibit, Fascinate, Galaxy, Galaxy Tab, Gem, Gravity, i5500, Illusion, Indulge, Infuse, Intercept, Mesmerize, Moment, Nexus, Precedent, Prevail, Replenish, Showcase, Sidekick, Spica, Stratosphere, Teos, Transform, Transform Ultra, Vibrant and Vitality (collectively, the "Samsung Accused Products").

## SONY ERICSSON

29.     SoftView is informed and believes that Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson") is a Delaware corporation with its principal

place of business located at 7001 Development Drive, Research Triangle, North Carolina 27709. Sony Ericsson's registered agent for service of process is Capitol Corporate Services Inc., 615 South Dupont Highway, Dover, Delaware 19901.

30.     Sony Ericsson makes, uses, imports, offers to sell, and sells devices having the Android Operating System and Web browser, including but not limited to devices sold under the tradenames Live with Walkman and Xperia (collectively, the "Sony Ericsson Accused Products").

## THE PATENTS IN SUIT

31.     On December 2, 2008, United States Patent No. 7,461,353, entitled "Scalable Display of Internet Content on Mobile Devices" (the "'353 patent"), was issued to Gary B. Rohrbaugh and Scott A. Sherman. SoftView is the owner by assignment of the entire right, title and interest in and to the '353 patent. A copy of the '353 patent is attached as Exhibit A.

32.     On November 9, 2010, United States Patent No. 7,831,926, entitled "Scalable Display of Internet Content on Mobile Devices" (the "'926 patent"), was issued to Gary B. Rohrbaugh and Scott A. Sherman. SoftView is the owner by assignment of the entire right, title and interest in and to the '926 patent. A copy of the '926 patent is attached as Exhibit B.

## JURISDICTION, VENUE, AND JOINDER

33.     This Court has personal jurisdiction over the Defendants. On information and belief, Defendants have committed acts of infringement in this District, regularly do and solicit business in Delaware, and have availed themselves of the benefits and protections of Delaware law.

34.     Venue in this District is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District and have committed acts of infringement in this District, and AT&T Mobility LLC, Dell

Inc., Kyocera Wireless Corp., LG Electronics USA, Inc., Motorola Mobility Inc., Samsung Telecommunications America, LLC, and Sony Ericsson Mobile Communications (USA) Inc. are incorporated in this District.

## CLAIMS FOR RELIEF

### COUNT I

**(Infringement of United States Patent No. 7,461,353)**

35.     SoftView incorporates by reference paragraphs 1 through 34 of this Complaint and realleges them as though fully set forth herein.

36.     SoftView is informed and believes, and thereon alleges, that Apple, AT&T, Dell, HTC, Huawei, Kyocera, LG, Motorola, Samsung and Sony Ericsson, in violation of 35 U.S.C. § 271(a), have been and are currently infringing the '353 patent by, among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without authority or license from SoftView, infringing hardware and software products.  Apple has been, among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Apple Accused Products.  AT&T has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Apple Accused Products, Dell Accused Products, HTC Accused Products, LG Accused Products, Motorola Accused Products, Samsung Accused Products, and Sony Ericsson Accused Products.  Dell has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Dell Accused Products.  HTC has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the

United States, without limitation, the HTC Accused Products.  Huawei has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Huawei Accused Products.  Kyocera has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Kyocera Accused Products.  LG has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the LG Accused Products.  Motorola has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Motorola Accused Products.  Samsung has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Samsung Accused Products.  Sony Ericsson has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Sony Ericsson Accused Products.

37.     The display of Web pages in a readable, user-friendly manner is an integral function of the Apple Accused Products, Dell Accused Products, HTC Accused Products, Huawei Accused Products, Kyocera Accused Products, LG Accused Products, Motorola Accused Products, Samsung Accused Products, and Sony Ericsson Accused Products (collectively, the "Accused Products").  In particular, the Accused Products display Web pages in a manner that allows the user to pan and zoom the Web pages for enhanced viewing in a manner that infringes the '353 patent.  The Accused Products all contain common components and software, including the WebKit rendering engine, which enable the display, panning, and zooming of Web pages on the Accused Products.

38.     SoftView is informed and believes, and thereon alleges, that Defendants have contributorily infringed and are currently contributorily infringing the '353 patent in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from SoftView, components that embody a material part of the inventions described in the '353 patent, are known by Defendants to be especially made or especially adapted for use in infringement of the '353 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the Accused Products and their respective components.  SoftView is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '353 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of the Accused Products and their respective components.

39.     On information and belief, Apple had actual knowledge of the '353 patent at least as early as September 2009.  On September 2, 2009, Gary Rohrabaugh (General Manager of SoftView) provided notice by email to Apple that "key features of the [iPhone] internet browser were invented at our company first" and specifically identified the '353 patent.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████ Apple also had actual knowledge of the '353 patent based on the filing of the complaint in this action on May 12, 2010.

40.     On information and belief, AT&T had knowledge of the '353 patent at least as early as December 2008.  U.S. Patent No. 7,028,257 issued on April 11, 2006 to original assignee BellSouth Intellectual Property Corp.   On information and belief, BellSouth Intellectual Property Corp. was a subsidiary of AT&T.  U.S. Patent No. 7,028,257 includes a citation to published patent application 2002/0091738 A1, which is the parent application of the '353 patent, lists the same inventors as the '353 patent, and has a specification that is nearly identical to the '353 patent's specification.  AT&T's familiarity with the '353 patent's parent application indicates that AT&T had knowledge of the technology at issue in this case and AT&T's connection with the inventor (and SoftView General Manager) Gary Rohrabaugh indicates that AT&T likely had knowledge of the '353 patent itself.   On information and belief, AT&T also had knowledge of the '353 patent based on its relationship with Apple from June 2007 to March 2009.  AT&T was the exclusive seller of the Apple iPhone.  AT&T also had actual knowledge of the '353 patent based on the filing of the complaint in this action on May 12, 2010.

41.     On information and belief, Dell had actual knowledge of the '353 patent at least as early as April 2010 ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████   ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████   In addition, Dell had actual knowledge of the '353 patent based on publicity surrounding the initial filing of this case in May 2010.  News stories about the litigation and the '353 patent were published on major Web sites including CNET.com, PCMag.com, IP360.com, and TechCrunch.com.  These articles identified the '353 patent and provided notice to Dell that it was infringing the '353 patent.  Dell also had actual knowledge that it was infringing the '353 patent based on being served on October 5, 2011 with the Second Amended Complaint, which named Dell as a defendant and alleged that the Dell Accused Products were infringing the '353 patent.

42.     On information and belief, HTC had actual knowledge of the '353 patent at least as early as March 2009 based on a letter dated March 20, 2009 from SoftView General Manager Gary Rohrabaugh to HTC co-founder and CEO Peter Chou.  The March 20 letter informed HTC that SoftView is the owner of the '353 patent and inquired whether HTC was interested in licensing SoftView's technology.  ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████    In addition, HTC had actual knowledge of the '353 patent based on publicity surrounding the initial filing of this case in May 2010.  News stories about the litigation and the '353 patent were published on major Web sites including CNET.com, PCMag.com, IP360.com, and TechCrunch.com.  These articles identified the '353 patent and provided notice to HTC that its products were likely infringing the '353 patent.  The fact that HTC filed a declaratory judgment action involving the '353 patent in the Western District of Washington State on May 31, 2011 is evidence of HTC's actual knowledge of the '353 patent prior to that date.  Indeed, HTC's Washington complaint explicitly references SoftView's motion for leave to amend the complaint to join HTC to the Delaware case, which was filed on April 22, 2011.  HTC also had actual knowledge that it was infringing the '353 patent based on being served on October 11, 2011 with the Second Amended Complaint, which named HTC as a defendant and alleged that the HTC Accused Products were infringing the '353 patent.

43.     On information and belief, Huawei had actual knowledge of the '353 patent no later than May 2010.  Huawei had actual knowledge of the '353 patent based on publicity surrounding the initial filing of this case in May 2010.  News stories about the litigation and the '353 patent were published on major Web sites including CNET.com, PCMag.com, IP360.com, and TechCrunch.com.  These articles identified the '353 patent and provided notice to Huawei that it was infringing the '353 patent.  ████████████████

████████████████████████████████████████████

███████████████████████   ███████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████   Huawei also had actual knowledge that it was infringing the '353 patent based on being served on October 11, 2011 with the Second Amended Complaint, which named Huawei as a defendant and alleged that the Huawei Accused Products were infringing the '353 patent.

44.     On information and belief, Kyocera had actual knowledge of the '353 patent at least as early as May 2010.  Kyocera had actual knowledge of the '353 patent based on publicity surrounding the initial filing of this case in May 2010.  News stories about the litigation and the '353 patent were published on major Web sites including CNET.com, PCMag.com, IP360.com, and TechCrunch.com.  These articles identified the '353 patent and provided notice to Kyocera that it was infringing the '353 patent.  Kyocera also had actual knowledge that it was infringing the '353 patent based on being served on October 5, 2011 with the Second Amended Complaint, which named Kyocera as a defendant and alleged that the Kyocera Accused Products were infringing the '353 patent.

45.     On information and belief, LG had actual knowledge of the '353 patent at least as early as May 2009 ███████████████████████

███████████████████████████████████████████████████

- 15 -

[black redaction bars]

In addition, LG had actual knowledge of the '353 patent based on publicity surrounding the initial filing of this case in May 2010. News stories about the litigation and the '353 patent were published on major Web sites including CNET.com, PCMag.com, IP360.com, and TechCrunch.com.   These articles identified the '353 patent and provided notice to LG that it was infringing the '353 patent. LG also had actual knowledge that it was infringing the '353 patent based on being served on October 6, 2011 with the Second Amended Complaint, which named LG as a defendant and alleged that the LG Accused Products were infringing the '353 patent.

46.   On information and belief, Motorola had actual knowledge of the '353 patent at least as early as July 2009 [black redaction bar]

[black redaction bars]

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████ In addition, Motorola had actual knowledge of the '353 patent based on publicity surrounding the initial filing of this case in May 2010. News stories about the litigation and the '353 patent were published on major Web sites including CNET.com, PCMag.com, IP360.com, and TechCrunch.com. These articles identified the '353 patent and provided notice to Motorola that it was infringing the '353 patent. Motorola also had actual knowledge that it was infringing the '353 patent based on being served on October 5, 2011 with the Second Amended Complaint, which named Motorola as a defendant and alleged that the Motorola Accused Products were infringing the '353 patent.

47.     On information and belief, Samsung had actual knowledge of the '353 patent at least as early as May 2009 ██████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████  In addition, Samsung had actual knowledge of the '353 patent based on publicity surrounding the initial filing of this case in May 2010. News stories about the litigation and the '353 patent were published on major Web sites including CNET.com, PCMag.com, IP360.com, and TechCrunch.com.   These articles identified the '353 patent and provided notice to Samsung that it was infringing the '353 patent.  Samsung also had actual knowledge that it was infringing the '353 patent based on being served on October 5, 2011 with the Second Amended Complaint, which named Samsung as a defendant and alleged that the Samsung Accused Products were infringing the '353 patent.

48.     On information and belief, Sony Ericsson had actual knowledge of the '353 patent at least as early as June 2009 ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████    Further, Sony Ericsson had actual knowledge of the '353 patent based on publicity surrounding the initial filing of this case in May 2010. News stories about the litigation and the '353 patent were published on major Web sites including CNET.com, PCMag.com, IP360.com, and TechCrunch.com.  These articles identified the '353 patent and provided notice to Sony Ericsson that it was infringing the '353 patent.  Sony Ericsson also had actual knowledge that it was infringing the '353 patent based on the filing of the Second Amended Complaint on September 30, 2011, which named Sony Ericsson as a defendant and alleged that the Sony Ericsson Accused Products were infringing the '353 patent.  Sony Ericsson also had actual knowledge of the '353 patent

because Sony Corp. and Telefonaktiebolaget L M Ericsson cited patents in the '353 patent family in two or more patents assigned to them.  These patents include at least:

- United States Patent No. 7,191,399, entitled "Electronic Information Display Apparatus, Electronic Information Display Method, Recording Medium and Program," which issued March 13, 2007 and is assigned to Sony Corp., cites a patent in the '353 patent family.
- United States Patent No. 7,584,471, entitled "Plug-In Model," which issued September 1, 2009 and is assigned to Telefonaktiebolaget L M Ericsson, cites a patent in the '353 patent family.

49.     SoftView is informed and believes, and thereon alleges, that Defendants have actively induced and are currently inducing the infringement of the '353 patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties to use infringing software and hardware products in this judicial district and elsewhere throughout the United States, without license or authority from SoftView, including at least the Accused Products.  SoftView is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '353 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of the Accused Products.  The Defendants through at least their user manuals, Web site support and training materials actively induced their customers and users of the Accused Products to infringe the '353 patent.

50.     SoftView is informed and believes, and thereon alleges, that Defendants' infringement of the '353 patent has been and continues to be willful.

51.     Unless enjoined by this Court, Defendants will continue to infringe the '353 patent.

52.     As a direct and proximate result of Defendants' conduct, SoftView has suffered and will continue to suffer irreparable injury for which it has no adequate remedy at law. SoftView has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT II

### (Infringement of United States Patent No. 7,831,926)

53.     SoftView incorporates by reference paragraphs 1 through 34 of this Complaint and realleges them as though fully set forth herein.

54.     SoftView is informed and believes, and thereon alleges that Apple, AT&T, Dell, HTC, Huawei, Kyocera, LG, Motorola, Samsung and Sony Ericsson, in violation of 35 U.S.C. § 271(a), have been and are currently infringing the '926 patent by, among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without authority or license from SoftView, infringing hardware and software products. Apple has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Apple Accused Products. AT&T has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Apple Accused Products, Dell Accused Products, HTC Accused Products, LG Accused Products, Motorola Accused Products, Samsung Accused Products, and Sony Ericsson Accused Products. Dell has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Dell Accused Products. HTC has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the

United States, without limitation, the HTC Accused Products. Huawei has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Huawei Accused Products. Kyocera has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Kyocera Accused Products. LG has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the LG Accused Products. Motorola has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Motorola Accused Products. Samsung has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Samsung Accused Products. Sony Ericsson has been among other things, making, using, offering to sell, importing, and selling in this judicial district and elsewhere throughout the United States, without limitation, the Sony Ericsson Accused Products.

55.     The display of Web pages in a readable, user-friendly manner is an integral function of the Accused Products. In particular, the Accused Products display Web pages in a manner that allows the user to pan and zoom the Web pages for enhanced viewing, in a manner that infringes the '926 patent. The Accused Products all contain common components and software, including the WebKit rendering engine, which enable the display, panning, and zooming of Web pages on the Accused Products.

56.     SoftView is informed and believes, and thereon alleges, that Defendants have contributorily infringed and are currently contributorily infringing the '926 patent in violation of 35 U.S.C. § 271(c) by selling or offering for sale to third parties, in this judicial

district and elsewhere throughout the United States, without license or authority from SoftView, components that embody a material part of the inventions described in the '926 patent, are known by Defendants to be especially made or especially adapted for use in infringement of the '926 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the Accused Products and their respective components.  SoftView is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '926 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of the Accused Products and their respective components.

57.     On information and belief, Apple had actual knowledge of the '926 patent no later than November 2010.  On November 10, 2010, SoftView filed an Amended Complaint against Apple identifying Apple as an infringer of the '926 patent.  Apple thus had actual knowledge that its products infringed the '926 patent based on the filing of the Amended Complaint in this action.

58.     On information and belief, AT&T had actual knowledge of the '926 patent no later than November 2010.  On November 10, 2010, SoftView filed an Amended Complaint against AT&T identifying AT&T as an infringer of the '926 patent.  AT&T thus had actual knowledge that its products infringed the '926 patent based on the filing of the Amended Complaint in this action.  On information and belief, AT&T also had knowledge of the '926 patent based on its relationship with Apple.  From June 2007 to March 2009, AT&T was the exclusive seller of the Apple iPhone.

59.     On information and belief, Dell had actual knowledge of the '926 patent no later than November 2010 ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████      ███████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████      Dell also had actual knowledge that it was infringing the '926 patent from being served on October 5, 2011 with the Second Amended Complaint, which named Dell as a defendant and alleged that the Dell Accused Products were infringing the '926 patent.

60.      On information and belief, HTC had actual knowledge of the '926 patent no later than November 2010 █████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████      ███████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████   The fact that HTC filed a declaratory judgment action involving the '926 patent in the Western District of Washington State on May 31, 2011 is evidence of  HTC's actual knowledge of the '926 patent prior to that date.  Indeed, HTC's Washington complaint explicitly references SoftView's motion for leave to amend the complaint to join HTC to the Delaware case, which was filed on April 22, 2011.  HTC also had actual knowledge that it was infringing the '926 patent based on being served on October 11, 2011 with the Second Amended Complaint, which named HTC as a defendant and alleged that the HTC Accused Products were infringing the '926 patent.

61.    On information and belief, Huawei had actual knowledge of the '926 patent no later than November 2010. ████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████ ████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████  Huawei also had actual knowledge that it was infringing the '926 patent based on being served on October 11, 2011 with the Second Amended Complaint, which named Huawei as a defendant and alleged that the Huawei Accused Products were infringing the '926 patent.

62.     On information and belief, Kyocera had actual knowledge of the '926 patent no later than October 2011.  Kyocera had actual knowledge that it was infringing the '926 patent based on being served on October 5, 2011 with the Second Amended Complaint, which named Kyocera as a defendant and alleged that the Kyocera Accused Products were infringing the '926 patent.

63.     On information and belief, LG had actual knowledge of the '926 patent no later than November 2010 ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████  ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████     LG also had actual knowledge that it was infringing the '926

patent based on being served on October 6, 2011 with the Second Amended Complaint,

which named LG as a defendant and alleged that the LG Accused Products were infringing

the '926 patent.

        64.     On information and belief, Motorola had actual knowledge of the '926 patent

no later than November 2010 ████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████ Motorola also had actual knowledge that it was infringing the '926 patent based on being served on October 5, 2011 with the Second Amended Complaint, which named Motorola as a defendant and alleged that the Motorola Accused Products were infringing the '926 patent.

65.     On information and belief, Samsung had actual knowledge of the '926 patent no later than November 2010 ██████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████      ████████

███████████████████████████████████████████████████████████

████████████████████████████ Samsung also had actual knowledge that it was infringing the '926 patent based on being served on October 5, 2011 with the Second

Amended Complaint, which named Samsung as a defendant and alleged that the Samsung Accused Products were infringing the '926 patent.

66.    On information and belief, Sony Ericsson had actual knowledge of the '926 patent no later than November 2010 ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████  ██

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████  ███████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████  █████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████ Sony Ericsson

also had actual knowledge that it was infringing the '926 patent based on being served on

October 6, 2011 with the Second Amended Complaint, which named Sony Ericsson as a

defendant and alleged that the Sony Ericsson Accused Products were infringing the '926

patent.   Sony Ericsson also had actual knowledge of the '926 patent because Sony Corp. and

Telefonaktiebolaget L M Ericsson cited patents in the '926 patent family in two or more

patents assigned to them.  These patents include at least:

- United States Patent No. 7,191,399, entitled "Electronic Information Display Apparatus, Electronic Information Display Method, Recording Medium and Program," which issued March 13, 2007 and is assigned to Sony Corp., cites a patent in the '926 patent family.
- United States Patent No. 7,584,471, entitled "Plug-In Model," which issued September 1, 2009 and is assigned to Telefonaktiebolaget L M Ericsson, cites a patent in the '926 patent family.

67.     SoftView is informed and believes, and thereon alleges, that Defendants have

actively induced and are currently inducing the infringement of the '926 patent in violation

of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties to

use infringing software and hardware products in this judicial district and elsewhere

throughout the United States, without license or authority from SoftView, including at least

the Accused Products.  SoftView is informed and believes, and thereon alleges, that these

third parties have infringed and will infringe the '926 patent in violation of 35 U.S.C.

§ 271(a) by using infringing software and hardware products, including some or all of the

Accused Products.  The Defendants through user manuals, web site support and training

materials actively induced their customers and users of the Accused Products to infringe the '926 patent.

68.     SoftView is informed and believes, and thereon alleges, that Defendants' infringement of the '926 patent has been and continues to be willful.

69.     Unless enjoined by this Court, Defendants will continue to infringe the '926 patent.

70.     As a direct and proximate result of Defendants' conduct, SoftView has suffered and will continue to suffer irreparable injury for which it has no adequate remedy at law.  SoftView has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, SoftView prays that the Court enter a judgment as follows:

A.     For a judicial determination that the '353 and '926 patents are infringed by Defendants;

B.     For a judicial determination that the '353 and '926 patents are valid and enforceable;

C.     For a judicial determination that Defendants' infringement of the '353 and '926 patents is willful;

D.     For an order preliminarily and permanently enjoining Defendants, and their directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing from further acts of infringement of the '353 and '926 patents;

E.      For damages resulting from Defendants' infringement of the '353 and '926 patents and the trebling of such damages because of the willful nature of Defendants' infringement;

F.      For an assessment of interest on damages;

G.      For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs in this action; and

H.      For such other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff SoftView LLC demands jury trial on all issues.

BLANK ROME LLP

*/s/ Steven L. Caponi*

By: _____

Steven L. Caponi (I.D. No. 3484)
1201 Market Street, Suite 800
Wilmington, DE  19801
(302) 425-6400
caponi@blankrome.com

Attorneys for SoftView LLC

OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir Naini
Dorian S. Berger
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
(310) 277-1010
mchu@irell.com; slu@irell.com;
anaini@irell.com; dberger@irell.com;
cjohnson@irell.com

February 7, 2012